**VINCENT JAMES SANZONE, JR., ESQ.**
By: Vincent J. Sanzone, Jr. VS-3358
277 North Broad Street, 2nd Floor
P.O. Box 261
Elizabeth, New Jersey 07207-0261
(908) 354-7006
Attorney for the Plaintiff, Terence Worthy

_____

| | | |
|---|---|---|
| TERENCE WORTHY | : | **UNITED STATES DISTRICT COURT** |
| | : | **JUDICIAL DISTRICT OF NEW JERSEY** |
| Plaintiff, | : | |
| | : | CASE NO. |
| VS. | : | |
| | : | CIVIL ACTION |
| CITY OF NEWARK, | : | |
| NEWARK POLICE DEPT., | : | **COMPLAINT AND JURY DEMAND** |
| NEWARK POLICE | : | |
| OFFICERS, DARIUS | : | |
| SMITH, LAWRENCE | : | |
| FURLOW, TYRONE | : | |
| DUDLEY, ISMAEL | : | |
| LESPIER, | : | |
| POLICE CHIEF, | : | |
| IRVING BRADLEY | : | |
| JOHN DOE(S); | : | |
| (fictitious persons) | : | |
| jointly and | : | |
| severally | : | |
| | : | |
| Defendants | : | |

_____

The plaintiff, Terence Worthy ("plaintiff"), by way of Complaint against the defendants, say:

**CAUSE OF ACTION**

1. This is an action by the plaintiff to recover damages for the deprivation of civil rights against the defendants, individually and jointly pursuant to 42 U.S.C. § 1983, § 1985, § 1988 and the United States and New Jersey constitutions. The plaintiff seeks damages, both compensatory and punitive, an award of costs, interest and attorney's fees, and such other relief as this Court deems equitable and just.

**PARTIES AND JURISDICTIONAL**

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1334(a)(3) and (4), this being an action seeking redress for a violation of plaintiff's constitutional and civil rights. Jurisdiction is also invoked herein pursuant to the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the specific statutory relief provided by 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 1988.

3. Pursuant to 28 U.S.C. § 1391(b) venue is proper since all of defendants are entities and natural persons doing business in Essex County, State of New Jersey, and the cause of action arose in Essex County, State of New Jersey.

4. The plaintiff request that this Court exercise supplemental jurisdiction over the state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein as to all defendants.

**JURY TRIAL DEMANDED**

5. Plaintiff demands a trial by jury on each and every count of his cause of action.

**VENUE**

6. Venue is proper for the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391.

**PARTIES**

7. The plaintiff, an African-American, is a citizen and resident of the United States and reside in the County of Essex, State of New Jersey.

8. At all times relevant herein, the individual defendants, Darius Smith, ("Smith") Lawrence Furlow, ("Furlow") Tyrone Dudley, ("Dudley") Ismael Lespier ("Lespier") and Police Chief Irving Bradley ("Bradley") were at all relevant times herein, police officers of the Newark Police Department. Said defendants and were acting under color of state law in the course and

       scope of their duties and functions as agents, servants, employees and officers of the Newark Police Department and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties as police officers.  These defendants are being sued in their official and individual capacity.

9. At all times relevant herein, the governmental defendants, the City of Newark, is a government body, which has the authority and power under state law to institute a law enforcement agency to enforce, local, state and federal laws. Pursuant to that authority and power it formed a department referred to as the Newark Police Department.

10. At all times relevant herein, defendants, John Doe(s) individuals (fictitious persons), yet to be identified were at all relevant times herein, police officers of the Newark Police Department. Said defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the Newark Police Department and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties as police officers.  These defendants are being sued in their official and individual capacity.

## COUNT ONE

**CIVIL RIGHTS VIOLATION AGAINST DEFENDANTS
CITY OF NEWARK, NEWARK POLICE DEPARTMEWNT, POLICE
OFFICERS, DARIUS SMITH, LAWRENCE FURLOW, TYRONE DUDLEY,
ISMAEL LESPIER, POLICE CHIEF, IRVING BRADLEY, JOHN DOE(S)**

11. The plaintiff repeats each and every allegation contained in plaintiff's complaint as set forth in paragraphs 1 through 10 as if set forth herein.

12. On June 7, 2003, the plaintiff was arrested in the City of Newark, County of Essex, State of New Jersey, by defendants, Smith, Furlow, Dudley and Lespier on the allegations and statements of these defendants.

13. The evidence that these defendants obtained against the plaintiff was fabricated. To wit, these defendants fabricated evidence that the plaintiff was involved in armed robbery on June 7, 2003. Specifically, defendant Smith testified before an Essex County Grand Jury that he personally, along with defendants, Dudley, Furlow and Lespier witness the plaintiff commit an armed robbery against a victim. In fact, the robbery allegedly committed by the plaintiff was completely fabricated by the defendants, and defendant Smith gave false and perjured testimony

5

      before the grand jury.

14. As a result of the fabricated evidence, testimony, allegations and statements of these defendants, the plaintiff was jailed and indicted by an Essex Grand Jury for Conspiracy to Commit Armed Robbery, Armed Robbery, Unlawful Possession of a Weapon, Possession of a Weapon for Unlawful Purpose, Possession of a Defaced Weapon, Resisting Arrest and Resisting Arrest.

15. All of the evidence that was presented to the Essex County Prosecutor's Office to support the arrest, bail and indictment, by the police defendants was fabricated.

16. Specifically, but not limited to, these police defendants, made up a story that the plaintiff had engaged in an armed robbery of two individuals who, upon information and belief, were fictitious persons. In fact, a handgun that was allegedly used in the robbery was owned and possessed by these defendants.

17. As a result of the false allegations, and false evidence, the plaintiff was forced to plead guilty to possession of a weapon by a convicted felon and was sentenced to seven years in state's prison with three years of parole ineligibility.

18. On or about September or October of 2004, defendants Smith, Furlow and Dudley were indicted for, among other things, fabricating evidence, planting evidence, setting up, lying, and falsely accusing the plaintiff of the criminal charges of June 7, 2004.

19. The statements, allegations and testimony of these defendants were subsequently found to be false and caused the unjust conviction of the plaintiff.

20. These defendants acted with deliberate indifference and they are liable for malicious prosecution, false arrest and false imprisonment of the plaintiff.

21. On January 21, 2005, a Superior Court Judge for the State of New Jersey, threw out the plaintiff's conviction and dismissed all charges against the plaintiff, based on the false charges.

22. Because the defendants falsely accused the plaintiff of a crime which he did not commit, the plaintiff was incarcerated for a period of twenty months.

23. As a result of these false charges, the plaintiff was subsequently convicted of escape, and was sentenced, and is now serving a five year prison

       sentence in state's prison.

24. As a result of the actions of these defendants, the plaintiff was falsely arrested, falsely imprisoned and suffers and continues to suffer from this unjust and unlawful conviction.

25. These defendants conspired amongst each other to violate the plaintiff's civil rights in violation of 42 U.S.C. § 1985.

26. Defendants, Smith, Furlow, Dudley and Lespier acted with deliberate indifference in violation of 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1988.

27. The conduct and actions of defendants, Smith, Furlow, Dudley and Lespier acting under color of law, in conspiring to falsify and fabricate an account of the events surrounding the arrest and charges against the plaintiff, and in making false statements regarding said events, was done intentionally, maliciously, and/or with reckless disregard of the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily harm, pain and suffering in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and the Fourth, Fifth, Sixth, Eighth and fourteenth amendments to the United States Constitution.

28. The conduct and actions of these defendants, Smith, Furlow, Dudley and Lespier by not reporting the false allegations to their superiors, and/or failing to prevent the false charges from continuing, despite a legal duty to do so, was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, and was designed to and did cause specific and emotional and physical harm to the plaintiff in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, 42 U.S.C. § 1984 and the Fourth, Fifth, Sixth, Eighth and Fourteenth amendments to the United States Constitution.

29. Said defendants acted with deliberate indifference to plaintiff's constitutional rights, and cause the plaintiff physical and emotional harm, which the plaintiff is entitled to compensatory damages, including punitive damages and attorney's fees and costs, pursuant to 42 U.S.C. § 1983, 1988.

30. As a result of these defendants actions the plaintiff incurred expenses in hiring legal counsel, which the plaintiff is now entitled to compensation.  Further, the plaintiff is entitled to compensation for his illegal and unjust incarceration based on the intentional acts of these defendants.

**COUNT TWO**

31. The plaintiff repeats Paragraphs 1 through 30 as if fully set forth herein.

32. Defendant, Irving Bradley ("Bradley") and or John Doe Police Chief, (fictitious person) yet to be identified, was at all times of this complaint had the absolute authority under state law and authority to formulate and oversee policies, practices, and customs of the police department, and for the hiring, screening, training, supervision and discipline of the defendant police officers of the Newark Police Department.

33. Defendant Bradley and or John Doe defendant acted with deliberate indifference in failing to properly hire, train, supervise and discipline the defendant police officers.

34. Upon information and belief, Bradley and John Doe defendant had reasons to believe that defendants, Furlow, Smith, Dudley and Lespier were engaged in illegal activities, but failed to discipline and investigate the reports which were being filed by person accused of committing crimes.

35. The official and unofficial policies of the Newark Police Department was nothing short of promoting, facilitating, and covering up illegal activities of these errant officers of the Newark Police Department, including, but not limited to

> these defendants, Furlow, Smith, Dudley and Lespier

36. As a direct result and proximate cause of the failure to adequately hire, train, supervise and discipline by defendant Bradley and John Doe defendant the plaintiff's constitutional rights were violated and he suffers and continues to suffer from pain and suffering and mental anguish.

37. The actions of defendant, Bradley and John Doe caused plaintiff physical and emotional harm, which the plaintiff is entitled to damages, including punitive damages and attorney's fees and costs, pursuant to 42 U.S.C. § 1983, 1988.

38. The defendants City of Newark, and City of Newark Police Department are liable for the inaction of its chief policy markers for the department, that being Bradley and John Doe defendant.

## COUNT THREE

39. The Plaintiffs repeats Paragraphs 1 through 38 as if fully set forth herein.

40. Defendant John Doe(s) (fictitious person) defendants, had the authority to investigate the allegations of corruption and illegal activities of Smith, Furlow, Dudely and Lespier.

41. Defendant John Doe(s) acted willfully and maliciously by conspiring with the other defendants to fabricate a false story regarding the assault and injuries of the other defendants.

42. The actions of defendant, Bradley and John Doe caused plaintiff physical and emotional harm, which the plaintiff is entitled to damages, including punitive damages and attorney's fees and costs, pursuant to 42 U.S.C. § 1983, 1988

    **WHEREFORE**, the plaintiff prays for judgment against the defendants and each of them jointly and severally:
    a.  Award of compensatory damages, which include general damages for pain and suffering and emotional distress, against each and every defendant.
    b.  Award if punitive damages against defendants, Smith, Furlow, Dudley and Lespier.
    d.  Awarding costs of this action including attorney's fees, and costs, pursuant to 42 U.S.C. § 1988, against each and every defendant.

### COUNT EIGHT

**SUPPLEMENTAL STATE CLAIMS AGAINST ALL DEFENDANTS**

43. The Plaintiff repeats Paragraphs 1 through 42 as

12

      if fully set forth herein.

44.   As to any and all common law state claims, the plaintiff pleads that he is entitled to all relief which he is entitled to under N.J.S.A. 59:1-1 <u>et</u> <u>seq</u>., which is not barred as a matter of law.

45.   Said relief includes, but not limited to the plaintiff's common law claims for false arrest, false imprisonment, malicious prosecution against these defendants, as well as his claim against the Newark Police Department and the City of Newark under the doctrine of respondent superior.

### **JURY DEMAND**

      The Plaintiff hereby demands a trial by a jury as to all issues.

Dated: April 15, 2005

                      <u>/s/ Vincent J. Sanzone, Jr.</u>
                      Vincent J. Sanzone, Jr.
                      Attorney for the Plaintiff