NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------
TERRENCE WORTHY,                         :
                                         :
        Plaintiff,                   :       Civ. No. 05-2115 (DRD)
                                         :
   v.                                    :
                                         :       **O P I N I O N**
CITY OF NEWARK, et al.                   :
                                         :
        Defendants.                  :                                    :
------------------------------------------------------

   *Appearances by:*

YVONNE SMITH SEGARS
OFFICE OF THE PUBLIC DEFENDER, State of New Jersey
By: Susan Remis Silver, Esq.
PO Box 850
Trenton, NJ 08625-0850
(609) 292-1775

   *Attorney for Subpoena Respondent James Doyle*

DEPARTMENT OF LAW, City of Newark
By: Diego F. Navas
    Gary S. Lipshutz
920 Broad Street
Room 316
Newark, NJ 07102
(973) 733-3880
   *Attorneys for Defendants City of Newark and Anthony Ambrose*

FUSCO & MACALUSO, PA
Anthony J. Fusco, Jr.
150 Passaic Avenue
Po Box 838
Passaic, NJ 07055
(973) 779-1163
*Attorneys for Defendant Ismael Lespier*

1

**DEBEVOISE, Senior District Judge**

Plaintiff Terrance Worthy ("Worthy") commenced this civil rights action by filing a complaint, on April 20, 2005, against the City of Newark and several individuals (the "Defendants"), pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, and the common law of New Jersey. Worthy filed an amended complaint (the "Complaint") on October 28, 2005.

After discovery began, Defendant Newark served a subpoena upon James Doyle, Esq. ("Doyle"). Doyle moved to quash the subpoena, asserting the attorney-client privilege on behalf of Worthy who Doyle represented in a prior, related criminal matter. Magistrate Judge Patricia Schwartz ("Judge Schwartz") found that Worthy had waived the privilege after moving for a new trial in the prior criminal case, and she entered an August 22, 2007 order (the "Order") requiring Doyle to submit a certification revealing certain information about communications he is alleged to have had with Worthy.

Neither the Defendants nor Doyle is satisfied with Judge Schwart's order. Defendants bring this appeal (the "Appeal"), contending that an order requiring Doyle to submit only a certification is an unfair limitation on discovery, and that Defendants are entitled to depose Doyle. Doyle brings this cross-appeal (the "Cross-Appeal"), arguing that the attorney-client privilege was never waived, and that even the required limited certification offends the privilege.

**I.   BACKGROUND**

On June 7, 2003, Worthy was arrested in Newark, New Jersey by several Newark police officers, (Compl. ¶ 11), and charged with conspiracy to commit armed robbery, armed robbery, unlawful possession of a weapon, possession of a weapon for an unlawful purpose, possession of

a defaced weapon, and resisting arrest. (Id. ¶ 13).

In the Complaint, Worthy alleges that he was falsely accused and convicted, and that "[a]ll of the evidence that was presented to the Essex County Prosecutor's Office to support the arrest, bail and indictment, by the police defendants was fabricated." (Id. ¶ 14). On November 1, 2004, after several of the officers involved in Worthy's arrest were indicted on corruption charges, Worthy submitted a motion for a new trial (the "New Trial Motion"). On January 21, 2005, a New Jersey Superior Court Judge vacated Worthy's conviction and dismissed all charges against him. (Id. ¶ 20). He was released from prison after having served twenty months. (Id. ¶ 21).

In the New Trial Motion, Worthy stated that "[d]efendant gave assigned counsel Mr. James Doyle, Esq., the same account he gave counsel at the arraignment: that he had been 'set-up' by the officers." (Lipshutz Decl., Ex. C at 1-2). The papers Worthy submitted in support of the motion also imply that he told Doyle that no robbery had ever taken place, and that he had never possessed a weapon. (Id.)

Defendants believe that the New Trial Motion papers contain falsehoods regarding the communications Worthy alleges he had with Doyle. On this basis, Doyle's testimony regarding the potentially controverted communications may be relevant for the purpose of impeaching Worthy's credibility, (Id,) and thus Defendants' subpoenaed Doyle for deposition. After Doyle's motion to quash, Judge Schwartz ruled that Doyle would not be subject to deposition, but must submit a certification containing limited information about the questioned communication. Doyle argues that such testimony is protected by the attorney-client privilege. Defendants

contend that Worthy waived the privilege when he disclosed the communications in the New Trial Motion, and that they are entitled to depose him on all relevant subjects not otherwise protected by the privilege.

## II. DISCUSSION

A Magistrate Judge's decision is to be overturned only when the ruling was clearly erroneous or contrary to law. L.Civ.R.72.1(c)(1)(A).[1] The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." Marks v. Struble, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co., 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law. Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998).

Where an appeal seeks review of a matter within the exclusive purview of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the "abuse of discretion

---

[1] L.Civ.R.72.1(c)(1)(A) states:

> Any party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 10 days after the party has been served with a copy of the Magistrate Judge's order . . . . A Judge shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.

standard" must be applied.  Port Auth. v. Affiliated FM Ins. Co., 2001 U.S. Dist. LEXIS 7579, at *5 (D.N.J. March 29, 2001).  "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion."  Id. (citing Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998); Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997)).

Local Civil Rule 72.1(c) provides that the Court should set aside any portion of "the Magistrate Judge's order found to be clearly erroneous or contrary to law."  Although the court applies a deferential standard in reviewing decisions of magistrate judges, particularly in discovery dispute matters, both the Appeal and Cross-Appeal present questions of law which must be reviewed de novo.  Doe v. Hartford Life and Accident Ins. Co., 2007 U.S. Dist. LEXIS 47643 (D.N.J.).

    A.    **Waiver of Attorney-Client Privilege**

Because both parties agree that the Worthy's communication with Doyle, at least initially, was protected by the attorney-client privilege, the only issue is whether Worthy waived all or part of that privilege by making statements about the communication in his New Trial Motion.

The Court of Appeals has held that the attorney-client privilege obstructs the truth-finding process, and it is construed narrowly.  In re Grand Jury Investigation (Sun Co.), 599 F.2d 1224, 1235 (3d Cir.1979).  The privilege "protects only those disclosures--necessary to obtain informed legal advice--which might not have been made absent the privilege" and, "[a]ccordingly, voluntary disclosure to a third party of purportedly privileged communications has long been considered inconsistent with an assertion of the privilege."  Westinghouse Elec. Corp. v.

Republic of Philippines, 951 F.2d 1414, 1423-4 (3d Cir. 1991).  "If clients themselves divulge such information to third parties, chances are that they would also have divulged it to their attorneys, even without the protection of the privilege.  Thus, once a client has revealed privileged information to a third party, the basic justification for the privilege no longer applies . . . " Id.

In this case, Worthy revealed privileged information to a third-party–the public generally-- when he made his New Trial Motion.  Thus, none of the material he disclosed is protected by the attorney-client privilege, and none of the same is immune from discovery by the usual methods.

Doyle contends that Worthy has not asserted any defense or claim in this case which would put at issue–and thereby waive–privileged communications.  This argument is inapposite and applies to a different form of waiver–"at issue" waiver.  In this case, the wavier by disclosure to third-parties occurred before the Complaint in this case was ever filed.  By filing his New Trial Motion, and publically disclosing privileged information, Worthy waived the privilege as to that information for all purposes.  Thus, it is irrelevant whether he asserted in this action any claims or defenses concerning the formerly-privileged communications.

The information Worthy revealed in his New Trial Motion is no longer privileged because the privilege has been waived**.**

**B.     Liberal Discovery**

In order to protect other privileged information surrounding this small cavity of waived subject matter, Judge Schwartz directed Doyle to complete a certification rather than require him

to proffer testimony in a formal deposition.  However, in keeping with the truth-finding spirit elucidated by the Court of Appeals in Westinghouse, supra, the court must not sustain a chilling effect by categorically preventing parties from employing certain discovery methods, otherwise allowed under Rule 26(a), simply because the parties may tread close to information which remains privileged.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  The risks of navigating around privileged information are outweighed by the importance of achieving the FRCP's policy objectives by according a broad and liberal treatment of the discovery rules.  Pacitti v. Macy's  193 F.3d 766, 778 (3d Cir. 1999); See Also, Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1977 (2007) (the rule invests "the deposition-discovery process with a vital role in the preparation for trial").

Thus, in order to foster fact-finding, the Defendants must be allowed to proceed with deposing Doyle in spite of the rough terrain the parties' may encounter in avoiding stomping on privileged territory.  Of course, counsel for Doyle and Worthy may object during Doyle's deposition to any questions pertaining to subjects protected by the attorney-client privilege, i.e., those subjects otherwise privileged and not waived by Worthy's New Trial Motion.

## III.  CONCLUSION

For the reasons set forth above, Doyle's cross-appeal will be dismissed and Defendants' appeal will be granted.  The court will enter an order implementing this opinion.

/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: February 13, 2008